```
               UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF MISSISSIPPI
                     JACKSON DIVISION
```

DERWIN ROGERS                                              PETITIONER

VS.                                              NO. 3:07CV600TSL-FKB

STATE OF MISSISSIPPI AND
CHRISTOPHER P. EPPS,
COMMISSIONER OF THE MISSISSIPPI
DEPARTMENT OF CORRECTIONS                                  RESPONDENT

ORDER

This cause is before the court on the objection of petitioner Derwin Rogers to the magistrate judge's February 18, 2011 report and recommendation in which he recommended dismissal with prejudice of Rogers' petition for habeas corpus. Having considered petitioner's submission and the State of Mississippi's response in support of the report and recommendation, and recognizing the highly deferential standard of review the magistrate judge was bound to apply to the state court's adjudication "on the merits" of grounds two, four, five, six, seven, eight, nine and ten of the habeas petition, the court concludes that as to these grounds, the report and recommendation should be adopted as the finding of the court.[1]

---

[1] Each of grounds two, four, five, six, seven, eight and nine alleged ineffective assistance of counsel. Recently, in <u>Harrington v. Richter</u>, the Supreme Court emphasized how difficult it is to meet unreasonableness standard of 28 U.S.C. § 2254(d), explaining that "[a]s amended by the [AEDPA], § 2254(d) "preserves authority to issue the writ in cases where there is no possibility

However, the court concludes that remand to the magistrate judge is warranted for further consideration of grounds one and three, in light of the arguments and authorities addressed in the parties' submissions to the undersigned, which were not fairly presented to the magistrate judge for his consideration.[2]

Accordingly, it is ordered that the magistrate judge's report and recommendation is adopted, in part, as set forth herein, and is remanded for further consideration of grounds one and three.

SO ORDERED this 15TH day of August, 2011.


/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

---

fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents.  It goes no farther." 131 S. Ct. 770, 786.  The Court continued, stating,
> Establishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult.  The standards created by Strickland and § 2254(d) are both "highly deferential," id., at 689, 104 S. Ct. 2052; Lindh v. Murphy, 521 U.S. 320, 333, n.7, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997), and when the two apply in tandem, review is "doubly" so, Knowles, 556 U.S., at ----, 129 S. Ct. at 1420.  The Strickland standard is a general one, so the range of reasonable applications is substantial.  556 U.S., at ----, 129 S. Ct. at 1420.  Federal habeas courts must guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d).  When § 2254(d) applies, the question is not whether counsel's actions were reasonable.  The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.

131 S. Ct. at 788.

[2] Unlike the remaining grounds, grounds one and three were not adjudicated on the merits, but rather were held procedurally barred.

2