IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DERWIN ROGERS                                                                              PETITIONER

VS.                                                                    CIVIL ACTION NO 3:07cv600-TSL-FKB

THE STATE OF MISSISSIPPI and
CHRISTOPHER P. EPPS                                                                    RESPONDENTS

## REPORT AND RECOMMENDATION

This is an action brought by a state prisoner pursuant to 28 U.S.C. § 2254. In a previous report and recommendation, the undersigned recommended that habeas relief be denied, concluding that grounds one and three of the petition were procedurally barred and that the remaining grounds were without merit. [dkt. #17]. After considering Petitioner's objections, the state's response, and Petitioner's reply, the district judge adopted the undersigned's recommendation of denial of relief on all grounds except grounds one and three. [dkt. #25]. As to those grounds, the district judge concluded that remand to the undersigned was warranted for further consideration in light of new arguments presented by Petitioner in his objections. After carefully considering the new arguments raised by Petitioner, the undersigned again concludes that grounds one and three are procedurally barred and that relief should therefore be denied as to those claims.[1]

---

[1] Rogers also argued in his objections that the undersigned erred in analyzing whether the "cause and prejudice" exception, *see Coleman v. Thompson*, 501 U.S. 722, 750 (1991), was applicable to allow consideration of his claims despite the procedural bar. Specifically, Rogers contends that the undersigned used the state law standard for "cause and prejudice" rather than the standard under federal law. The undersigned does not read the order of the district judge as requiring

Because the facts and procedural history were fully discussed in the previous report and recommendation, they are recounted here only briefly. In August of 2002, Derwin Rogers was tried and convicted in the Circuit Court of Franklin County, Mississippi, of four counts of forcible rape. He was sentenced to four consecutive thirty-year terms. The Mississippi Supreme Court affirmed the convictions by order dated May 4, 2006. Thereafter, Rogers filed an application for post-conviction relief, which was denied by the Mississippi Supreme Court on September 30, 2007. Rogers then brought the present habeas action.

In ground one of the petition, Rogers contends that the trial court violated his Sixth Amendment right to counsel of choice when it denied his motion for a one-week continuance. In ground three, Rogers alleges that the trial court committed constitutional error in allowing the prosecution to make a substantive amendment to the indictment on the first day of trial. Neither of these grounds for relief was presented to the Mississippi Supreme Court in Rogers' direct appeal; however, both were submitted to that court in his application for post-conviction relief. The supreme court found the claims to be procedurally barred pursuant to Miss. Code Ann. § 99-39-21(1) (the "contemporaneous

---

consideration of this objection. In any event, the objection is without merit. The analysis of "cause" in the report and recommendation was based upon the standard set forth in *McCleskey v. Zant*, 499 U.S. 467 (1991) (holding that to establish cause, a petitioner must demonstrate "that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.") *Id.* at 467. Furthermore, Petitioner has failed to show how the undersigned's analysis of cause was flawed or in error. (Because the undersigned found no cause for Rogers' procedural default, he did not address the prejudice prong. *See Martin v. Maxey*, 98 F.3d 844, 849 (5th Cir. 1996) (court need not address prejudice prong if petitioner fails to show cause)).

objection" bar set forth in the state's post-conviction statute).[2]

The well-established rule of *Coleman v. Thompson*, 501 U.S. 722 (1991), provides that where a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of those claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750.  In the previous report and recommendation, the undersigned determined that Rogers had failed to establish the applicability of either of these exceptions.  Accordingly, the undersigned concluded that *Coleman* precluded federal review of the merits of ground ones and three.  Thereafter, in his objections to the district judge, Rogers challenged this conclusion, raising a wholly new argument as to why the procedural-bar rule of *Coleman* should not prevent review of the merits of these claims.  The task of the undersigned, as set forth in the district judge's remand order, is to reconsider the application of the procedural bar to grounds one and three, in light of Rogers' new arguments.

Rogers' argument is grounded in *Coleman*'s requirement of adequacy.  Under

---

[2]This section of Mississippi's post-conviction relief statute provides as follows:

Failure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial and/or on direct appeal, regardless of whether such are based on the laws and the Constitution of the state of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred, but the court may upon a showing of cause and actual prejudice grant relief from the waiver.

Miss. Code Ann. § 99-39-21(1).

*Coleman,* in order for federal review to be precluded based upon a state court's application of a procedural rule, that rule must be both independent of the merits of the underlying claim and adequate to support the state court's judgment. *Coleman*, 501 U.S. at 728. A state procedural rule is "adequate" if it is "strictly or regularly followed" by the state courts and is "applied evenhandedly to the vast majority of similar claims." *Amos v. Scott*, 61 F.3d 333, 339 (5th Cir. 1995) (citing *Dugger v. Adams*, 489 U.S. 401, 410 n. 6 (1989) and *Hathorn v. Lovorn*, 457 U.S. 255, 263 (1982)). It is Petitioner's burden to demonstrate that Mississippi did not strictly or regularly apply a procedural bar around the time of his direct appeal. *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997); *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995). Any exceptions relied upon him in order to circumvent the bar must be "claim specific," that is, he must demonstrate that Mississippi has failed to apply the procedural bar regularly to claims that are identical or similar to those raised here. *Martin v. Maxey*, 98 F.3d 844, 847-48 (5th Cir. 1996); *Stokes*, 123 F.3d at 860.

In his attempt to meet his burden, Rogers argues that Mississippi courts have in the past refused to apply procedural bars to post-conviction claims involving fundamental rights. In *Smith v. State*, 477 So. 2d 191 (Miss. 1985), Smith raised a post-conviction challenge to his sentence–an issue he had failed to raise on direct appeal. The court, citing *Brooks v. State*, 209 Miss. 150, 46 So. 2d 94 (1950), and *Read v.State*, 430 So. 2d 832 (Miss. 1983), observed that it had previously held that errors affecting fundamental rights are excepted from the general rule requiring that issues raised on direct appeal first

4

be raised at the trial level.[3]  The court expanded this rule to allow Smith to clear the hurdle of Miss. Code Ann. § 99-39-29(1), stating that the defendant's denial of due process in sentencing was "too significant a deprivation of liberty to be subjected to a procedural bar."  *Id.* at 195.  In *Luckett v. State*, 582 So. 2d 428 (Miss. 1991), the supreme court, relying on *Smith*, granted relief on a post-conviction claim of an erroneous sentence in spite of the fact that the claim was time-barred, stating that "[e]rrors affecting fundamental constitutional rights may be excepted from procedural bars which would otherwise prohibit their consideration."  *Luckett,* 582 So. 2d at 430.   Thereafter, and prior to the time Rogers' appeal, Mississippi appellate courts applied this exception to allow consideration of the merits of claims alleging illegal sentences, *see Ivy v. State*, 731 So. 2d 601 (Miss. 1999); *Kennedy v. State*, 732 So. 2d 184, 186-87 (Miss. 1999); *Ethridge v. State*, 800 So.2d 1221 (Miss. Ct. App. 2001); *Jones v. State*, 881 So. 2d 351 (Miss. Ct. App. 2004), and the right not to be tried for a felony without indictment, *Gray v. State*, 819 So. 2d 542 (Miss. Ct. App. 2002).  No cases, however, indicate that Mississippi has failed to apply procedural bars to post-conviction claims which are identical or similar to Rogers' choice-of-counsel claim and his due process claim regarding amendment of the indictment.  *See Stokes*, 123 F.3d at 860 (stating that petitioner could not rely upon

---

[3]In *Read*, the supreme court held that an ineffective assistance claim could be raised on appeal even though it had not been presented to the trial court.  In *Brooks*, the defendant was convicted based upon several items of illegally obtained evidence.  The record revealed that Brooks' attorney failed to make a single objection at trial and failed to file a post-trial motion.  The supreme court reversed the conviction based upon the use of inadmissible evidence, even though the issue had not been raised at the trial level, citing a "fundamental rights" exception to the contemporaneous-objection rule.

*Smith,* which involved a sentencing error, because he was not alleging a sentencing error).

Petitioner also relies upon *Rowland v. State*, 42 So.3d 503 (Miss. 2010), a case in which the Mississippi Supreme Court applied the fundamental rights exception to a double jeopardy claim for post-conviction relief.  Because it was decided several years after Rogers' appellate proceedings, *Rowland* clearly cannot be used as an example of Mississippi's failure to apply procedural bars consistently or regularly around the time of Rogers' appeal.   However, as the undersigned reads his argument,  Rogers is contending that the significance of *Rowland* lies not so much in its holding but in what the opinion says about the state of the law in Mississippi *in the past*, including the time period encompassing Rogers' appellate proceedings.

*Rowland* involved a post-conviction claim of double jeopardy.  The trial court denied relief, finding that the claim was time-barred.  The court of appeals acknowledged that under *Luckett*, errors affecting fundamental constitutional rights may be excepted from procedural bars.  However, it also frankly stated that it could find no guidance in Mississippi case law as to when it should or should not use its discretion to ignore the post-conviction statute's time bar.  In a split decision, the court of appeals affirmed the trial court's application of the time-bar.

The supreme court reversed.  After examining its case law, the court held *not* that the court of appeals had *abused its discretion* in holding Rowland's double jeopardy to be time-barred, but that *no such discretion existed under Mississippi law*:

> *Smith* clearly establishes that a procedural bar cannot be applied
> in the face of "errors affecting fundamental rights," because such a

> violation "is too significant a deprivation of liberty to be subjected to a procedural bar."
>
> Delving further into the precedent upon which this Court relied in *Smith*, it is even more evident that no discretion is afforded when deciding whether to except a claim involving a fundamental constitutional right from procedural bars. In *Read v. State*, 430 So. 2d 832 (Miss. 1983), this Court held that, when it comes to enforcing procedural rules to bar litigation of constitutional rights, courts should "be faithful stewards" and "keep the spirit of *Brooks* alive." *Id* at 836-37. This "spirit of *Brooks*" refers to the reasoning of that decision, which mandated the fundamental-rights exception to procedural bars.
>
> . . . .
>
> . . . Thus, in light of the foregoing precedent, we hold that errors affecting fundamental constitutional rights are excepted from the procedural bars of the [post-conviction statute]. We find that this Court's use of "may" in *Luckett* was error, as no discretion previously existed under *Brooks*[4] and its progeny.

*Id.* at 507. Since *Rowland,* the supreme court has explained that the exception does not apply simply because a fundamental right is mentioned or invoked as a basis for relief; rather, "[t]here must at least appear to be some basis for the truth of the claim before the procedural bar will be waived." *Means v. State*, 43 So. 3d 438, 442 (Miss. 2010).

As the undersigned interprets it, Rogers' argument is as follows: According to the supreme court's statements in *Roland*, the law in Mississippi has historically been that procedural bars do not apply to post-conviction claims involving fundamental rights. It follows, so goes the argument, that the contemporaneous objection bar could not have constituted an adequate basis for denial of relief in Rogers' case because the application of that bar was not even lawful. Or, stated another way, the *Coleman* doctrine is

---

[4] *Brooks v. State*, 46 So. 2d 94 (Miss. 1950) was a direct appeal case.

7

inapplicable because state law did not clearly support the existence of an applicable procedural bar at the time of Rogers' appeal.  *See Ulster County Ct. v. Allen*, 442 U.S. 140, 150-51 (1979) (finding that state court did not decide habeas claim on procedural grounds because state had no clear contemporaneous-objection policy that applied).

This is, admittedly, a good argument.  But, in the opinion of the undersigned, it is not good enough.  Its flaw lies in its use of later case law to determine what the law was in the past, rather than assessing past law strictly in light of the case law as it existed at the relevant time.  *Rowland's* analysis and statements do not translate into a requirement that this court conclude that the exception has always existed and has always been applicable to all claims involving fundamental rights.  Indeed, the *Rowland* court acknowledged that its holding was in conflict with several prior cases.[5]  In short, the undersigned is unwilling to draw from *Rowland* the conclusion that the law in Mississippi has always been that procedural bars are inapplicable to post-conviction claims involving fundamental rights.[6]  What Petitioner must do to win his argument is to show that the case law in existence *as of the time of his appeal* cast doubt on the applicability of

---

[5]The court cited to *Mann v. State*, 490 So. 2d 910 (Miss. 1986), *Jennings v. State*, 700 So. 2d 1326 (Miss. 1997), and *Pinkney v. State,* 757 So. 2d 297 (Miss. 2000).  *Mann* and *Jennings* both held double-jeopardy claims to be procedurally barred.   In *Pinkney*, the court held both double-jeopardy and excessive-sentence claims to be barred.

[6]It is unnecessary for purposes of the present analysis to attempt to divine what class of claims Mississippi considers to involve "fundamental rights."  But certainly an argument could be made that any federal habeas claim for which relief could be granted involves a "fundamental right."  If this is the case, acceptance of Rogers' argument, *i.e.*, that Mississippi's post-conviction procedural bars do not apply to arguable claims involving fundamental rights, would come close to abolishing the applicability of the *Coleman* rule for habeas claims arising in Mississippi.

Mississippi's post-conviction procedural bars to choice-of-counsel claims and claims challenging substantive amendments to the indictment as violative of due process. This he has failed to do.

For these reasons, the undersigned recommends that habeas relief be denied on grounds one and three of the petition. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 5th day of March, 2012.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE