```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF MISSISSIPPI
                    JACKSON DIVISION

DERWIN ROGERS                                       PETITIONER

VS.                           CIVIL ACTION NO. 3:07CV600TSL-FKB

THE STATE MISSISSIPPI AND                          RESPONDENTS
CHRISTOPHER EPPS
```

## MEMORANDUM OPINION AND ORDER

This cause came on this date to be heard upon the report and recommendation of United States Magistrate Judge F. Keith Ball and the court, having fully reviewed the report and recommendation entered in this cause on March 5, 2012, and being duly advised in the premises, finds, based on the following, that said report and recommendation should be adopted as the opinion of this court.

On August 15, 2011, having adopted in part the magistrate judge's March 15, 2011 report and recommendation, the court remanded the case to the magistrate judge for further consideration of grounds one and three, in light of the arguments and authorities addressed in the petitioner's objections to the March report and recommendation and respondents' response thereto, which had not been fairly presented to the magistrate judge for his consideration. By his objections to the first report and recommendation, Rogers mounted a challenge to the magistrate judge's finding that federal review of claims one and three was precluded because of the Mississippi Supreme Court's refusal to consider the merits of grounds one and three on post-conviction

review in reliance on Mississippi Code Annotated § 99-39-21(1) (the "contemporaneous objection" bar).  See Coleman v. Thompson, 501 U.S. 722, 111 S. Ct. 2546, 115 L. Ed. 2d (1991) (holding that where state prisoner has defaulted on his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of those claims is barred unless the prisoner can demonstrate cause for default and actual prejudice as a result of alleged violation of federal law, or demonstrate that failure to consider claims will result in fundamental miscarriage of justice).  According to Rogers, the magistrate judge erred in his conclusion that the Mississippi Supreme Court's application of § 99-39-21(1) to the choice-of-counsel issue and to the issue regarding the sufficiency of the indictment was adequate.  See Amos v. Scott, 61 F.3d 333, 339 (5th Cir. 1995) (state procedural rule is "adequate" if it "is strictly or regularly followed" by the state courts and is "applied evenhandedly to the vast majority of similar claims").

   By his March 5, 2012 report and recommendation, the magistrate judge again recommended denial of relief as to grounds one and three.  In so doing, the magistrate judge found that Rogers had not sustained his burden of demonstrating that around the time of his direct appeal, the Mississippi courts did not strictly or regularly follow a procedural bar set out in § 99-39-21(1) to choice-of-counsel claims and claims challenging

2

substantive amendments to the indictment.  Stokes v. Anderson, 123 F.3d 858, 860 (5th Cir. 1997)("The petitioner bears the burden of showing that the state did not strictly or regularly follow a procedural bar around the time of his direct appeal.  Moreover, the petitioner must demonstrate that the state has failed to apply the procedural bar rule to claims identical or similar to those raised by the petitioner himself.") (internal citations omitted).

According to Rogers, Rowland v. State, 42 So. 2d 503 (Miss. 2010), stands for the proposition that the law in Mississippi has historically been that post-conviction claims involving fundamental rights were excepted from the procedural bars contained in the Uniform Post-Conviction Collateral Relief Act (UPCCRA) and that because in the Rowland decision, the Mississippi Supreme Court acknowledged that the exception had been inconsistently applied,[1] he has satisfied his burden to show his claims in this court are not procedurally barred.  However, at the time of the Mississippi Supreme Court's decisions regarding Rogers' direct appeal and motion for post-conviction relief, the fundamental rights exception to the procedural bars imposed by UPCCRA was understood to apply more narrowly to claims involving

---

[1] See Rowland, 42 So. 3d at 506 ("We acknowledge that our jurisprudence in this area is less than consistent.  We take this opportunity to hold, unequivocally, that errors affecting fundamental rights are excepted from the procedural bars of the UPCCRA.").

the fundamental right to due process in sentencing[2] and the fundamental state law right not to be tried for a felony without an indictment.[3]  See Luckett v. State, 582 So. 2d 428 (Miss. 1991), overruled by Rowland v. State, 42 So. 3d 503 (Miss. 2010) (while court could consider claim of illegal life sentence, defendant's claims in motion to vacate conviction, based on defect in indictments, double jeopardy violation, coercion of pleas of guilty, and ineffective assistance of counsel were time-barred); Mann v. State, 490 So. 2d 910 (Miss. 1986), overruled by Rowland v. State, 42 So. 3d 503 (Miss. 2010), (defendant's double jeopardy claim barred by § 99-39-21(1)); Jennings v. State, 700 So. 2d 1326 (Miss. 1997), overruled by Rowland v. State, 42 So. 3d 503 (Miss. 2010) (defendant's double jeopardy claim barred by § 99-39-21(1)); Pinkney v. State, 757 So. 2d 297 (Miss. 2000), overruled by Rowland v. State, 42 So. 3d 503 (Miss. 2010) (defendant's double jeopardy argument procedurally barred); Tate v. State, 961 So.2d 763 (Miss. Ct. App. 2007) (finding defendant's claim regarding

---

[2]  See Ivy v. State, 731 So. 2d 601 (Miss. 1999) (defendant's claim that he received illegal sentence for capital murder not barred by UPCCRA's three-year statute of limitations); Kennedy v. State, 732 So. 2d 184 (Miss. 1999)(claim of illegal sentence exception to bar imposed by UPCCRA); Ethridge v. State, 800 So. 2d 1221 (Miss. Ct. App. 2001) (same).

[3]  See Gray v. State, 881 So 2d 351 (Miss. Ct. App. 2002) (defendant's claim that he was prosecuted for felony via fraudulent indictment in violation of state constitution survived procedural bar imposed by Miss. Code Ann. § 99-39-21(5) (barring successive petitions)).

defective indictment to be procedurally barred while reviewing merits of her claim of illegal sentence); <u>Stokes</u>, 123 F.3d at 860 (concluding that § 99-39-21(1) contained independent state procedural bar and in attempting to overcome bar, petitioner could not rely upon Mississippi case wherein claim involving a sentencing error was excepted from the bar, because he was not alleging illegal sentence).  This, taken together with the fact that Rogers has not shown the exception to the contemporaneous objection bar, as it was then understood, was not consistently applied to claims regarding the sufficiency of the indictment or to a defendant's choice of counsel,[4] leads the court to the conclusion that Rogers has not sustained his burden with regard to the procedural bar.[5]  <u>See</u> <u>Scott</u>, 61 F.3d at 345 (petitioner failed

---

[4]     <u>See</u> <u>Hathorn v. Lovorn</u>, 457 U.S. 255, 262, 102 S. Ct. 2421, 2426, 72 L. Ed. 2d 824 (1982) ("State courts may not avoid deciding federal issues by invoking procedural rules that they do not apply evenhandedly to all similar claims."); Robson & Mello, <u>Ariadne's Provisions: A "Clue of Thread" to the Intricacies of the Procedural Default, Adequate and Independent State Grounds, and Florida's Death Penalty</u> (1988) 76 CALR 98, 111 (essential notion of adequacy principle "is that state procedural rules may not be employed as a subterfuge to evade the vindication of federal rights").

[5]  The court is not persuaded that either Rogers' citation to numerous cases wherein on direct appeal, as opposed to an application for post-conviction review, Mississippi state courts "repeatedly held that the failure to state the essential elements of the offense rendered the indictment void; and therefore subject to challenge at any time regardless of the failure to object at trial or on appeal," or his citation to a 2010 Mississippi opinion (which was subsequently withdrawn), wherein the Mississippi Supreme Court concluded that a challenge to the sufficiency is not waivable and is excepted from procedural bars, satisfies his

to establish that Texas courts had inconsistently applied its fundamental rights exception to Texas contemporaneous objection rule).

Moreover, even were consideration of the claims not procedurally barred, the court is not persuaded that Rogers is entitled to relief as to either claim. As the magistrate judge observed in the February 2011 report and recommendation, while perhaps arguable, the trial judge's decision to deny the continuance was neither unreasoned nor arbitrary. Morris v. Slappy, 461 U.S. 1, 11-12, 103 S. Ct. 1610, 75 L. Ed. 2d 610 (1983) (right to counsel is implicated only by "unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable delay") (internal quotation omitted). Further, regarding the sufficiency of the indictment, the court is not persuaded that the magistrate judge erred in his conclusion that the indictment gave Rogers reasonable notice that he was being prosecuted for the crime of forcible rape or that it was specific enough to allow him to defend the charges or to protect against double jeopardy. See McKay v. Collins, 12 F.3d 66, 69 (5th Cir. 1994) (according deference to state court's conclusion that defect in indictment did not deprive trial court of jurisdiction and

---

burden to show that around the time of his direct appeal (or the ruling on his application for post-conviction relief), the state courts did not strictly or regularly apply the procedural bar contained in § 99-39-21(1) to claims identical or similar to the two claims at issue here.

concluding that, in any event, petitioner was not entitled to habeas relief in federal court because "indictment should be found sufficient unless no reasonable construction of the indictment would charge the offense for which the defendant has been convicted").

Accordingly, it is ordered that the report and recommendation of United States Magistrate Judge F. Keith Ball entered on March 5, 2012, be, and the same is hereby adopted as the finding of this court, and the petition for writ of habeas corpus is hereby dismissed with prejudice.

It is further ordered that a certificate of appealability should issue as to two issues.  First, a certificate of appealability is granted as to whether petitioner has sustained his burden to demonstrate that the procedural bar set out in § 99-39-21(1) was not consistently and regularly applied to claims identical or similar to the claims raised in grounds one and three.  See Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) ("jurists of reason would find it debatable whether [this] court was correct in its procedural ruling").  Additionally, a certificate of appealability shall issue as to whether "the trial court impermissibly denied Rogers his federal constitutional right to counsel of his choice by denying him a one-week continuance so that his attorney, who had an unexpected conflict in another court, could represent him at

trial." See id. (regarding claims addressed on merits, certificate of appealability should issue if petitioner "demonstrate[s] that reasonable jurists would find the . . . court's assessment of the constitutional claims debatable or wrong").

 A separate judgment will be entered herein in accordance with this order as required by Rule 58 of the Federal Rules of Civil Procedure.

 SO ORDERED this the 25th day of September, 2012.

```
                    /s/ Tom S. Lee_____
                    UNITED STATES DISTRICT JUDGE
```